UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CRAIG SANCHEZ, individually and on behalf of all others similarly situated | § § § § | Docket No. _____ |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| GLOBE ENERGY SERVICES, LLC & GRAVITY OILFIELD SERVICES, INC. | § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § § § | CLASS ACTION (FED. R. CIV. P. 23) |

COLLECTIVE ACTION COMPLAINT

I. SUMMARY

1.     Craig Sanchez ("Plaintiff" or "Sanchez") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Globe Energy Services, LLC and Gravity Oilfield Services, Inc. ("Gravity", "Globe" or "Defendant"). Sanchez, and other workers like him, were typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time. But these workers never received overtime for hours worked in excess of 40 in a single work week. Instead of paying overtime as required by the FLSA, Defendant paid their Operators a hybrid base salary and daily rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA §50-4-19, *et. seq.* ("NMMWA").

II. JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3.       The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

5.       Sanchez worked for Defendant as an Operator during the relevant statutory time period. His consent to be a party plaintiff is attached as Exhibit 1.

6.       The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL OPERATORS EMPLOYED BY GLOBE ENERGY WHO RECEIVED A SALARY AND A DAY RATE IN THE PAST 3 YEARS.**

7.       **Globe Energy Services, LLC** may be served through its registered agent: **Troy Botts, 3205 W. Hwy 180, Snyder, Texas 79549**. Globe is headquartered in Snyder, Texas and performs substantial business activities in the Western District of Texas.

8.       **Gravity Oilfield Services, Inc.** may be served through its registered agent: **Troy Botts, 3205 W. Hwy 180, Snyder, Texas 79549.** Gravity is headquartered in Midland, Texas and performs substantial business activities in the Western District of Texas.

### IV. COVERAGE UNDER THE FLSA

9.       At all times hereinafter mentioned, Globe has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.      At all times hereinafter mentioned, Globe has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.      At all times hereinafter mentioned, Globe has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.    At all times hereinafter mentioned, Sanchez and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V.  FACTS

13.    Globe is an oilfield service company with significant operations in the southwest United States. Globe provides well servicing, fishing and rental, fluid services, completion systems, production chemicals, and artificial lift services through professionals. These individuals worked as Operators and makeup the proposed Putative Class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

14.    Specifically, the primary job duties of the Putative Class Members included operating oilfield machinery, collecting/relaying data, and reporting reports of daily activities to both field and remote supervisors for analysis. The Putative Class Members would conduct their day to day activities within designated parameters and in accordance with a predetermined plan.

15.    The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures and checklists created by Globe. Virtually every job function was predetermined by Globe, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.  The Putative Class Members did not have any supervisory or management duties.   Finally, for the purposes of an

3

FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

16. The Putative Class Members also worked similar hours and were both denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work 84 hours per workweek, but often worked more. Instead of paying them overtime, Defendant paid the Putative Class Members a base salary plus a day rate. Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 in a single work week. As the controlling law makes clear, the manual labor/technical duties which were performed by the Putative Class Members consists of *non*-exempt work. Therefore, Defendant owes back overtime wages to their operators, and technicians, all of whom work long hours each workweek.

### VI. FLSA AND NMMWA VIOLATIONS

17. As set forth herein, Globe violated the FLSA and NMMWA by failing to pay Sanchez and the Salary/Day Rate Class Members overtime at one and one half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

18. At all relevant times, Globe has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

19. Globe employed Sanchez and each member of the Salary/Day Rate Class.

20. Globe's pay policy denied Sanchez and the Salary/Day Rate Class Members overtime compensation at the legal overtime rates required by the FLSA and NMMWA.

21. Globe owes Sanchez and the Salary/Shift Rate Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

22.    Globe knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA and NMSA. Its failure to pay overtime to Sanchez and the Salary/Day Rate Class is willful.

23.    Due to Globe's FLSA and NMMWA violations, Sanchez and the Salary/Day Rate Class Members are entitled to recover from Burton their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

24.    The improper pay practices at issue were part of a continuing course of conduct, entitling Sanchez and Salary/Day Rate Class Members to recover for all such violations, regardless of the date they occurred.

## VII.    CLASS AND COLLECTIVE ACTION ALLEGATIONS

25.    Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA and NMMWA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and NMMWA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Globe have been imposed on the Putative Class Members.

26.    The Putative Class Members all received a salary plus a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Sanchez in terms of relevant job duties, pay provisions, and employment practices.

27.    Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Sanchez's experiences are typical of the experiences of the Putative Class Members.

28.     The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

29.     Sanchez has no interests contrary to, or in conflict with, the members of the Putative Class. Like each member of the proposed classes, Sanchez has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

30.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

31.     Absent this action, many members of the FLSA Class and NMMWA Class likely will not obtain redress of their injuries and AEI will retain the proceeds of their violations of the FLSA and NMMWA.

32.     Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

33.     The questions of law and facts common to each of the FLSA and NMMWA Salary/Day Rate Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    **a.**  Whether AEI employed the FLSA and NMMWA Salary/Shift Rate Class Members within the meaning of the FLSA and NMMWA;

    b.  Whether the FLSA and NMMWA Salary/Shift Rate Class Members were exempt from overtime;

c. Whether AEI's decision not to pay overtime to the FLSA Class Members was made in good faith; and

d. Whether AEI's violation of the FLSA was willful.

34. Sanchez's claims are typical of the FLSA and NMMWA Salary/Day Rate Class Members since both have sustained damages arising out of Globe's illegal and uniform employment pay policy.

35. Sanchez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

36. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

37. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the FLSA Class is properly defined as: **All Globe Energy, Inc. operators in the last 3 years who were paid a salary and a day rate with no overtime compensation.**

## VIII.   JURY DEMAND

38. Sanchez demands a trial by jury.

## IX. RELIEF SOUGHT

39. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order certifying class action(s) under F.R.C.P 23 for the purposes of the claims under New Mexico law;

c.   An order finding Globe liable for violation of state and federal wage laws with respect to Sanchez and all Salary/Day Rate Class Members covered by this case;

d.   A judgment against Globe awarding Sanchez and the Salary/Day Rate Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

e.   An order awarding attorney fees, costs, and expenses;

f.   Pre- and post-judgment interest at the highest applicable rates; and

g.   Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
State Bar No. 24056278
rschreiber@mybackwages.com
Andrew Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**Josephson Dunlap**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

8